NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GORDON LEVEY, | : | |
| | : | Civil Action No.: 11-395 (ES) |
| Plaintiff, | : | |
| | : | **OPINION** |
| BROWNSTONE INVESTMENT GROUP, LLC, et al., | : | |
| Defendants. | : | |

**SALAS, District Judge**

**I.   Introduction**

Defendants Brownstone Investment Group, LLC, Douglas B. Lowey, and Barret P. Naylor (collectively "Defendants") seek dismissal of Gordon Levey's ("Plaintiff" or "Levey") Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Docket Entry No. 30). The Court has considered the briefs submitted in support of and in opposition to the present motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Since the Court dismisses Plaintiff's Amended Complaint for failing to state a claim upon which relief can be granted, it declines to address Defendants' alternative arguments for dismissal, *i.e.*, lack of personal jurisdiction as well as improper venue. *See JAKKS Pac., Inc. v. Conte*, No. 11-479, 2011 U.S. Dist. LEXIS 149796, at *2 n.2 (D.N.J. Dec. 30, 2011) ("Since the Court dismisses Plaintiff's Complaint for lack of personal jurisdiction, it declines to address Defendants' alternative arguments, *i.e.*, dismissal for improper venue as well as transfer for the convenience of the parties and witnesses."); *Ashmore v. Ashmore*, No. 11-5708, 2011 U.S. Dist. LEXIS 130902, at

## II. Jurisdiction

Plaintiff frames his Amended Complaint as a "violat[ion] of the United States Copyright Law, 17 U.S.C. § 101, *et seq.*" (Compl. ¶ 17). Accordingly, subject matter jurisdiction is proper under 28 U.S.C. § 1338(a), which provides that federal district courts have original and exclusive jurisdiction over "any civil action arising under any act of Congress relating to . . . Copyrights." 28 U.S.C. § 1338(a); *see Zuk v. E. Pennsylvania Psychiatric Inst. of the Medical College of Pennsylvania*, 103 F.3d 294, 296 n.1 ("The lawsuit . . . alleged violations of . . . federal copyright law, and the district court thus had jurisdiction pursuant to 28 U.S.C. § 1338, which confers exclusive original jurisdiction over copyright cases.").

## III. Background

The Court writes solely for the benefit of the parties and therefore only recounts the essential facts.

While Plaintiff was affiliated with Brownstone Investment Group, LLC, he issued Defendants a license to use Levtek and Brownstone Live, (Compl. ¶ 20), which are software programs he authored.[2] (*Id.* ¶ 8). According to Plaintiff, this license was to remain in effect "so long as he was affiliated with Brownstone . . . ." (*Id.* ¶ 8). At some point, however, Plaintiff's relationship with Defendants became strained, resulting in a termination of the affiliation. (*Id.* ¶ 20). Despite that fact, Plaintiff alleges that "Defendants utilized, and continue to utilize, [Levtek and Brownstone Live] . . . without any license or agreement to do so from Plaintiff Levey," (*Id.* ¶¶ 14, 17), which Plaintiff first discovered in May 2008. (*Id.* ¶ 10).

Based upon these facts, Plaintiff filed a federal complaint on January 21, 2011. (*See* Docket Entry No. 1). On June 7, 2011, Plaintiff filed an Amended Complaint seeking damages

---

\*39 (D.N.J. Nov. 10, 2011) ("Since this Court dismisses Plaintiff's Complaint for failure to state a claim, it need not address . . . additional grounds for dismissal.").

[2] At the outset, the Court notes that Plaintiff does not explain the purpose associated with this software.

from Defendants' alleged "infringement . . . of [Plaintiff's] copyrighted software . . . , (Compl. ¶ 21), which, according to Levey, "violate[s] the United States Copyright Law, 17 U.S.C. § 101, *et seq*. . . ." (*Id.* ¶ 17).

On July 8, 2011, Defendants moved to dismiss Plaintiff's Amended Complaint contending that Plaintiff has failed to state a claim upon which relief can be granted for two reasons. First, Defendants argue that Plaintiff lacks standing to sue or enforce any purported copyright because "he has not registered any copyright in either Levtek or Brownstone Live." (Defs. Moving Br. at 20). Second, Defendants assert that, notwithstanding the fact that Plaintiff lacks standing to file a lawsuit for copyright infringement, Plaintiff nevertheless has failed to properly allege a claim for copyright infringement. (*Ibid.*).

The parties have submitted their respective briefs, and the Defendants' motion is now ripe for this Court's adjudication.

**IV.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949

(citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949.

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *DiFronzo v. Chiovero*, 406 F. App'x 605, 607 (3d Cir. 2011) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (alteration and emphasis in original)).[3]

With this legal framework in mind, the Court next addresses Defendants' motion.

---

[3] In this case, the Court considers Plaintiff's Application for Copyright Registration, attached as Exhibits C1 and C2 to Plaintiff's opposition brief, because it is integral to and explicitly relied upon in Plaintiff's amended complaint. For that same reason, however, the Court will not, nor should it, consider the documents that Defendants attach to their moving brief, which include, *inter alia*, documents that were filed in a prior litigation venued in the Southern District of New York, as well as documents submitted to the Financial Industry Regulatory Authority in connection with the prior litigation.

**V.     Analysis**

As a threshold issue, the Court must determine whether Plaintiff had standing to bring this action for copyright infringement on June 7, 2011.

"Subject to certain exceptions, the Copyright Act [ ] requires copyright holders to register their works *before* suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241 (2010) (emphasis added).[4]  Specifically, Section 411(a) of the Copyright Act provides, "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).  In other words, Section 411(a) "establishes a condition—*copyright registration*—that plaintiffs . . . *must satisfy before filing an infringement claim* and invoking the Act's remedial provisions." *Reed Elsevier, Inc.*, 130 S. Ct. at 1242 (emphasis added).

In light of this precedent, the Court finds that dismissal of Plaintiff's Amended Complaint is warranted for the following two reasons.  First, the law is clear: copyright holders must register their works *before* suing for copyright infringement. *Id.* at 1241; *Dawes-Lloyd v. Publish Am., LLLP*, No. 10-3781, 2011 U.S. App. LEXIS 16838, at *3 (3d Cir. Aug. 12, 2011) (citing 17 U.S.C. § 411(a) ("An action for infringement of a copyright may not be brought until the *copyright* is registered.") (emphasis added); *see also IDT Corp. v. Unlimited Recharge, Inc.*, No. 11-4992, 2011 U.S. Dist. LEXIS 138666, at *20 (D.N.J. Dec. 2, 2011) ("In light of the Supreme Court's holding that 'Section 411(a)'s registration requirement is a precondition to filing a claim,' evidence of an *application* for registration is insufficient to establish [ownership of a valid copyright]") (quoting *Reed Elsevier, Inc.*, 130 S. Ct. at 1241) (emphasis in original). In this case, Plaintiff filed his Amended Complaint on June 7, 2011.  Then, on June 9, 2011, *i.e.*, two days after Plaintiff filed his Amended Complaint, Plaintiff filed his *Application* for

---

[4] The exceptions delineated in Section 411(a) are not applicable to this matter.

Copyright Registration with the United States Copyright Office relating to Levtek Trading System.[5] Therefore, at the time Plaintiff filed his Amended Complaint he did not have a registered copyright.[6] Second, because Levey did not hold a registered copyright at the time he filed his Amended Complaint, he could not state a *prima facie* case for copyright infringement. *See Dawes-Lloyd*, 2011 U.S. App. LEXIS 16838, at *4 ("We concluded that because [plaintiff] did not hold a registered copyright, she could not state a *prima facie* case of copyright infringement, and that the District Court therefore properly granted Appellee's motion for summary judgment."); *Telebrands Corp. v. Exceptional Prods. Inc.*, No. 11-2252, 2011 U.S. Dist. LEXIS 139308, at *7 (D.N.J. Dec. 5, 2011) ("[A] party may not state a *prima facie* case of copyright infringement where the party does not hold a registered copyright in accordance with 17 U.S.C. § 411(a)."). For these reasons, Plaintiff has failed "to state a claim to relief that is plausible on its face." *Ashcroft*, 129 S. Ct. 1949 (citation omitted).

---

[5] Thus, it does not appear, at least from Plaintiff's Application, that Levey has sought to obtain a registered copyright with respect to Brownstone Live.

[6] Plaintiff contends that "[Levey] has standing under New Jersey case law to bring this claim . . . because [a]t the time of the filing of this Complaint, Plaintiff's application was being processed." (Pl. Opp. Br. at 14). Plaintiff's argument is unavailing. As a preliminary matter, Plaintiff's application was not being processed at the time Plaintiff's amended complaint was filed because, as noted above, Plaintiff's Application for Copyright Registration was not filed until *after* Plaintiff filed his Amended Complaint. Further, although Levey contends that he has standing under New Jersey case law to bring this claim, Plaintiff fails to provide the Court with any case law to support his position. Notwithstanding that deficiency, the law requires a plaintiff to possess a registered copyright before bringing a civil action. Moreover, as the Court made clear in *IDT Corp.*, an "application for registration is insufficient to establish [ownership of a valid copyright]." *IDT Corp.*, 2011 U.S. Dist. LEXIS 138666, at *20.

**VI.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. Plaintiff shall have 10 days to file a second amended complaint consistent with this Court's Opinion. An appropriate Order shall follow.[7]

>                                              *s/Esther Salas*
>                                              **Esther Salas, U.S.D.J.**

---

[7] Despite Defendants' urging for dismissal with prejudice, the Court provides Plaintiff with leave to file a second amended complaint. In doing so, the Court cautions Plaintiff that under 17 U.S.C. § 507(b), which governs limitations on civil actions for copyright infringement, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim has accrued." "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Bruss v. Berger*, No. 07-3348, 2008 U.S. Dist. LEXIS 96054, at *8, 9 (D.N.J. Nov. 21, 2008) (internal citation and quotation omitted).