UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

-----------------------------------------------------X
                                                    :

**GORDON LEVEY,**                                     :

           **Plaintiff,**                        :

                                                   :        **Civil Action 11-395 (ES)(CLW)**

**v.**                                                      :

**BROWNSTONE INVESTMENT**        :        **OPINION**
**GROUP, LLC et. al,**                        :

          **Defendants.**                   :
-----------------------------------------------------X

**WALDOR, United States Magistrate Judge**

      This matter is before the Court by way of motion of defendants Brownstone Investment Group, LLC ("Brownstone"), Douglas B. Lowey, and Barret P. Naylor (collectively, "Defendants") to impose sanctions on plaintiff Gordon Levey ("Plaintiff") and Plaintiff's counsel, David T. Shulick, Esq., for violating Federal Rule of Civil Procedure 11. ("Motion for Rule 11 Sanctions," Dkt. No. 38). Defendants seek monetary sanctions against Plaintiff and Plaintiff's counsel, other sanctions against Plaintiff's counsel necessary to deter future frivolous filings, and dismissal of the amended complaint with prejudice. On February 1, 2012, the Honorable Esther Salas, U.S.D.J., entered an opinion granting Defendants' motion to dismiss. (Dkt. No. 54). Accordingly, this Court only decides whether the imposition of monetary sanctions and/or other sanctions against Plaintiff and Plaintiff's counsel are warranted. For the reasons to be discussed, Defendants' Motion for Rule 11 Sanctions is DENIED. The Court makes the following findings in support of its ruling.

**I.  Background**

This case involves Defendants alleged infringement of Plaintiff's software copyright. Plaintiff and Defendants have been involved in protracted litigation for over five years across various forums litigating this issue, among others.  Specifically, Plaintiff has previously litigated various incarnations of the present issues in New York Federal Court and twice before the Financial Industry Regulatory Authority ("FINRA").

Plaintiff filed his original complaint ("Complaint") on January 21, 2011, alleging claims for abuse of process, defamation by libel and slander, intentional infliction of emotional distress, and copyright infringement.  (Dkt. No. 1).  Defendants identified several deficiencies in the Complaint and sent a letter to Plaintiff's counsel informing him of Defendants' intent to motion for Rule 11 sanctions if Plaintiff did not withdraw the Complaint.  (Dkt. No. 38, Dec. of Michael H. Ferrence, Esq.).  On June 7, 2011, within the Rule 11 safe harbor period, Plaintiff filed an amended complaint ("Amended Complaint")  withdrawing all claims save for the claim for copyright infringement. (Dkt. No. 27).

On August 9, 2011, Defendants filed the instant motion arguing that the allegations in the Amended Complaint demonstrated that Plaintiff's counsel failed to reasonably investigate Plaintiff's factual and legal contentions as required by Rule 11.  (Dkt. No. 38, "Defs.' Br.").  Defendants make the following arguments in support of their Motion for Rule 11 Sanctions: (1) the Amended Complaint contains allegations that Plaintiff has previously repeatedly contradicted while under oath in one or more of the above-referenced actions; (2) Plaintiff does not own a copyright interest in Levtek or Brownstone Live; and (3) there is no basis for the Court to exercise personal jurisdiction over the Defendants.  Motion for Rule 11 Sanctions at 1.  On August 19, 2011, Plaintiff filed a brief

in opposition (Dkt. Nos. 40 and 41, "Pl.'s Opp. Br.") and, on August 29, 2011, Defendants filed their reply brief (Dkt. No. 42, "Defs.' Reply Br."). The Court has reviewed the submissions and is prepared to rule.

**II.  Discussion**

Federal Rule of Civil Procedure 11 was designed to deter pleadings that are "frivolous, legally unreasonable, or without factual foundation . . . . " Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (internal quotations omitted).  Under Federal Rule of Civil Procedure 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violate[s] [r]ule [11(b)] or is responsible for the violation."  Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 imposes a non-delegable duty upon the signing attorney to conduct his own independent analysis of the facts and law which forms the basis of a pleading or motion."  Garr v.

U.S. Healthcare, Inc., 22 F.3d 1274, 1277 (3d Cir. 1994) (internal quotation marks and citation omitted).  The rule "provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of the pleading." Ario v. Underwriting Members of Syndicate 53 at Lloyds, 618 F.3d 277, 297 (3d Cir. 2010) (quoting Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted).

When evaluating conduct allegedly violative of Rule 11, "a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances." Ario, 618 F.3d 277, 297 (3d Cir. 2010) (quoting Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted).  The Third Circuit defines reasonableness as the "'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1359 (3d Cir. 1990)).  Significantly, the moving party is not required to make a showing of bad faith. Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995).

Rule 11 sanctions are not to be imposed liberally.  Instead, the Third Circuit has cautioned that the court should impose sanctions only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988) (quoting Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987)); see also Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation.").  Furthermore, even in those "exceptional circumstances" the court may, but is not required to impose sanctions. Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994) (citing Doering, 857 F.2d at 194).

Defendants contend that Plaintiff and Plaintiff's counsel's conduct is sanctionable because Plaintiff neither owns nor registered a copyright for LevTek or Brownstone Live at the time the Amended Complaint was filed but nonetheless alleged that Plaintiff has, upon information and belief, registered the subject copyrights.[1]  Defs.' Br. at 7 (citing Amended Compl. ¶ 13).  The Advisory Committee Notes of the 1993 amendments to Rule 11 explain:

> Tolerance of factual contentions in initial pleadings . . . when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to . . . make claims. . . without any factual basis or justification."

Fed. R. Civ. P. 11(c) Advisory Committee Notes, 1993 Amendments.

As noted above, Judge Salas entered an opinion and order granting Defendants' motion to dismiss on February 1, 2012.  In so ruling, Judge Salas found that dismissal of Plaintiff's Amended Complaint was warranted for two reasons:  (1) Plaintiff failed to register his works before suing for copyright infringement in contravention of the Supreme Court's holding in <u>Reed Elsevier, Inc. v. Muchnick</u>, 130 S.Ct. 1237, 1241 (2010) and (2) Because Plaintiff did not hold a registered copyright at the time he filed his Amended Complaint, he could not state a *prima facie* case of copyright infringement.  Dkt. No. 54 at 5-6.

The Court believes that Plaintiff's counsel was negligent in failing to conduct an independent

---

[1] Defendants additionally argue that: (1) the Amended Complaint contains allegations that Plaintiff has previously repeatedly contradicted while under oath in one or more of the above-referenced actions and (2) there is no basis for the Court to exercise personal jurisdiction over the Defendants.  In granting Defendants' motion to dismiss, Judge Salas solely addressed Defendants' Fed. R. Civ. P. 12(b)(6) argument.  Specifically, Judge Salas ruled that Plaintiff did not have standing to bring the copyright infringement action because, at the time of filing, the subject works were unregistered. Accordingly, this Court is not in a position to address the efficacy of Defendants' alternative arguments. Moreover, Plaintiff has since filed a second amended complaint and these arguments may be before Judge Salas again. This Court cannot thus comment on the merits of said positions.  However, Defendants are not precluded from renewing these arguments, to the extent they remain applicable and/or relevant.

inquiry into whether Plaintiff had registered Brownstone Live and Levtek. Although Plaintiff's counsel purportedly relied on Plaintiff's contention that he had registered Brownstone Live and Levtek, this does not relieve Plaintiff's counsel of his Rule 11 obligations. At this juncture, however, Plaintiff's counsel's conduct does not rise to the exceptional level this Court finds to be a necessary prerequisite to imposing Rule 11 sanctions. <u>Alliance Shippers, Inc. v. Midland West, Inc.</u>, No. 10-3728, 2011 WL 1832559, at *5 (D.N.J. May 13, 2011) ("The Court both hopes and expects that even without . . . a formal admonition or the imposition of monetary sanctions, Plaintiff and Plaintiff's counsel will be sufficiently on notice that the indiscriminate pursuit of litigation [is impermissible]."). That being said, the Court cautions and instructs Plaintiff's counsel to undertake a more thorough inquiry into both the factual and legal legitimacy of the pleadings before filing. Plaintiff's counsel is warned that the Court will entertain sanctions should he demonstrate similar conduct in the future.

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Rule 11 Sanctions is DENIED. An appropriate Order will follow.

s/ Cathy L. Waldor<br>
**CATHY L. WALDOR**<br>
**UNITED STATES MAGISTRATE JUDGE**