UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION
-------------------------------------------------------X:
GORDON LEVEY,                                          :
                                                       :
           **Plaintiff,**                         :
                                                       :
                                                       :   Civil Action 11-395 (ES)(CLW)
v.                                                     :
                                                       :
BROWNSTONE INVESTMENT                                  :   OPINION AND ORDER
GROUP, LLC et. al,                                     :
                                                       :
           **Defendants.**                         :
-------------------------------------------------------X

**WALDOR, United States Magistrate Judge**

      This matter is before the Court pursuant to defendants Brownstone Investment Group, LLC ("Brownstone"), Douglas B. Lowey ("Lowey") and Barret P. Naylor ("Naylor," collectively with Brownstone and Lowey, "Defendants") second motion for sanctions for violations of Federal Rule of Civil Procedure 11 against plaintiff Gordon Levey ("Plaintiff") and Plaintiff's counsel, David T. Shulick ("Motion for Sanctions," Dkt. No. 68).[1]

      By their motion, Defendants seek "monetary sanctions against Plaintiff and Plaintiff's counsel . . . a sanction against Plaintiff's counsel such as admonition, reprimand, censure and/or referral of this matter to the disciplinary authorities . . . and dismiss[al] of the Second Amended Complaint." (Motion for Sanctions, p. 19). Defendants' motion is premised on Plaintiff's alleged failure to, *inter alia*: (i) register a valid copyright interest before commencement of this

---

[1] Defendants' first motion for sanctions, filed on August 8, 2011 (Dkt. No. 38) was denied by this Court by Opinion and Order dated February 22, 2012 (Dkt. Nos. 57 and 58).

action; and (ii) commence this action within the applicable statute of limitations for copyright infringement claims.  (*Id.*, p. 3).

However, by Opinion and Order of the Honorable Esther Salas dated September 14, 2012, Defendants' motion to dismiss Plaintiff's second amended complaint ("Second Amended Complaint," Dkt. No. 56) was granted.  ("September 2012 Dismissal," Dkt. Nos. 71 and 72). Therefore, this Court only decides whether imposition of monetary sanctions and sanctions against Plaintiff's counsel are appropriate.  For the reasons set forth in the September 2012 Dismissal and herein, Defendants' Motion for Sanctions is **DENIED**.

## I.     Background

Plaintiff filed his original complaint on January 21, 2011, alleging various claims including a copyright infringement claim.  (*See* Dkt. No. 1).  On June 7, 2011, Plaintiff filed an amended complaint withdrawing all claims save for the copyright infringement claim ("First Amended Complaint," Dkt. No. 27).  By Opinion and Order dated February 1, 2012, Honorable Esther Salas dismissed the First Amended Complaint and permitted Plaintiff to file the Second Amended Complaint.  (*See* Dkt. Nos. 54 and 55).  The Second Amended Complaint contains a copyright infringement claim relating to Defendants' use of software which Plaintiff alleges he has "legitimate authorship and copyright interest in."  (Second Amended Complaint, ¶ 10).  As an exhibit to the Second Amended Complaint, Plaintiff attaches registration information for LevTek Trading System which appears to have been filed on June 9, 2011.  (*Id.*, at Exhibit B).

The instant Motion for Sanctions seeks sanctions in connection with the Second Amended Complaint.  However, the September 2012 Dismissal dismissing the Second Amended

Complaint renders the instant motion moot for the reasons set forth in Judge Salas's opinion. (September 2012 Dismissal).[2]

## II.     Legal Standard

Federal Rule of Civil Procedure 11 was designed to deter pleadings that are "frivolous, legally unreasonable, or without factual foundation . . . . " *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (internal quotations omitted).  Under Rule 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violate[s] [r]ule [11(b)] or is responsible for the violation."  Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>   (4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 imposes a non-delegable duty upon the signing attorney to conduct his own

---

[2] Plaintiff filed a third amended complaint on September 24, 2012 ("Third Amended Complaint," Dkt. No. 73) and Defendants' motion to dismiss the Third Amended Complaint is currently pending before the Court.  (*See* Dkt. No. 74).

independent analysis of the facts and law which forms the basis of a pleading or motion." *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1277 (3d Cir. 1994) (internal quotation marks and citation omitted). The rule "provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of the pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (*quoting Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted). When evaluating conduct allegedly violative of Rule 11, "a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances." *Ario*, 618 F.3d at 297. The Third Circuit defines reasonableness as the "'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (*quoting Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)). Significantly, the moving party is not required to make a showing of bad faith. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).

The Third Circuit has cautioned that the court should impose sanctions only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (*quoting Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); see also *Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation"). Furthermore, even in those "exceptional circumstances" the court may, but is not required to impose sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (*citing Doering*, 857 F.2d at 194).

**III.     Analysis**

Defendants' first contention in their Motion for Sanctions is that Plaintiff and Plaintiff's attorney's conduct is sanctionable because of Plaintiff's failure to own a registered copyright in Brownstone Live despite Plaintiff's pleading.  (Motion for Sanctions, p. 7-10).  Plaintiff has, and Defendants' do not dispute, demonstrated a registration in LevTek.  (Second Amended Complaint, Exhibit B).  Further, Judge Salas has already held that "[r]egistration of the underlying copyrighted work is sufficient to sustain a copyright infringement action pertaining to the derivative works, [i.e., Brownstone Live]." (*See* Dkt. No. 71, n. 4 *citing Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F.Supp.2d 543, 556 (D.N.J. 2003).  Accordingly, because Plaintiff's copyright infringement claim as to either LevTek or Brownstone Live is not "patently unmeritorious or frivolous," monetary sanctions are not warranted.  *Doering*, 857 F.2d at 194.

Defendant's second contention is that Plaintiff's copyright infringement claim is barred by the applicable statute of limitations.  (Motion for Sanctions, p. 11-14).  A copyright infringement claim must be "commenced within three years after the claim has accrued . . . [which occurs] when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." (*See* Dkt. No. 71, *quoting William A. Graham Co. v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009)).

At the time of the filing of the instant Motion for Sanctions, the Second Amended Complaint was the operative pleading.  However, the September 2012 Dismissal dismissed the Second Amended Complaint as time-barred, holding that on January 31, 2006, Plaintiff possessed sufficient information to place him on notice of Defendants' possible wrongdoings such that Plaintiff's copyright infringement claim had elapsed when brought in January 2011.  (September 2012 Dismissal).  That dismissal renders the instant request for a sanctioned dismissal moot.  Additionally, Judge Salas afforded Plaintiff "one last opportunity to sufficiently

plead a cause of action for copyright infringement because Plaintiff has averred that '[Defendants'] illegal violation of our copyright laws continue through today." (*Id.*). Because of the basis on which Plaintiff was permitted to replead, monetary sanctions and/or sanctions against Plaintiff's attorney are not warranted at this time.

Finally, Defendants' arguments addressed in Points IV and V of the Motion for Sanctions related to lack of personal jurisdiction and contradictory statements are better left for the currently pending motion to dismiss the Third Amended Complaint and, should it be necessary, discovery.

In light of the above and the September 2012 Dismissal, Plaintiff and Plaintiff's counsel's conduct has not reached the level to merit the imposition of sanctions. Should Defendants be granted dismissal of the Third Amended Complaint, they may find it appropriate at that time to seek leave to move for sanctions.

## IV.   Conclusion

For the reasons set forth herein, Defendants' Motion for Sanctions is **DENIED**. The Clerk of the Court may terminate the motion at Docket Number 68.

**SO ORDERED.**

> s/ Cathy L. Waldor
> **HONORABLE CATHY L. WALDOR**
> **United States Magistrate Judge**

**Dated: December 17, 2012**