UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GORDON LEVEY, | : | |
| Plaintiff, | : | Civil Action No.: 11-395 (ES) |
| v. | : | |
| BROWNSTONE INVESTMENT GROUP, LLC, et al., | : | OPINION |
| Defendants. | : | |

**SALAS, District Judge**

**I. Introduction**

Pending before the Court is Defendants Brownstone Investment Group, LLC ("Brownstone"), Douglas B. Lowey ("Lowey"), and Barret P. Naylor's ("Naylor") (collectively, "Defendants") motion to dismiss Plaintiff Gordon Levey's ("Levey" or "Plaintiff") Third Amended Complaint ("TAC") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), and for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 74). Also pending before this Court is Plaintiff's motion to file a sur-reply. (D.E. No. 85). The Court has considered the briefs submitted in support of and in opposition to the present motions, and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and

dismisses Plaintiff's TAC with prejudice.[1] The Court further denies Plaintiff's motion for leave to file a sur-reply.

## II. Jurisdiction

Plaintiff frames his TAC as a "violat[ion] of the United States Copyright Law, 17 U.S.C. § 101, *et seq.*" (D.E. No. 73, TAC ¶ 18). Accordingly, subject matter jurisdiction is proper under 28 U.S.C. § 1338(a). *See Zuk v. E. Pa. Psychiatric Inst. of the Med. College of Pa.*, 103 F.3d 294, 296 n.1 (3d Cir. 1996) ("The lawsuit . . . alleged violations of . . . federal copyright law, and the district court thus had jurisdiction pursuant to 28 U.S.C. § 1338, which confers exclusive original jurisdiction over copyright cases.").

## III. Background

As the Court writes solely for the parties who are thoroughly familiar with the underlying issues relating to Defendants' motion to dismiss, the Court limits its discussion to the salient facts and procedural history.

This matter stems from an alleged violation of copyright law in which Plaintiff has now had three opportunities to amend his complaint. (*See* D.E. Nos. 27, 56 & 73, respectively, Amended Complaint, Second Amended Complaint ("SAC") & TAC). This Court has issued two opinions dismissing Plaintiff's complaints for failure to state a prima facie case for copyright infringement, *Levey v. Brownstone Inv. Grp., LLC*, No. 11-395, 2012 WL 295718 (D.N.J. Feb. 1, 2012), and for failure to allege a claim for copyright infringement that was not time barred, (D.E. No. 71, Opinion, Sept. 14, 2012). In the latter opinion, this Court afforded Plaintiff "one last

---

[1] Since this Court dismisses Plaintiff's TAC for failure to state a claim upon which relief can be granted, it declines to address Defendants' alternative arguments for dismissal. *See JAKKS Pac., Inc. v. Conte*, No. 11-479, 2011 WL 6934856, at *1 n.2 (D.N.J. Dec. 30, 2011) (citation omitted) ("Since the Court dismisses Plaintiff's Complaint for lack of personal jurisdiction, it declines to address Defendants' alternative arguments, *i.e.*, dismissal for improper venue as well as transfer for the convenience of the parties and witnesses.").

opportunity to sufficiently plead a cause of action for copyright infringement because Plaintiff . . . averred that Defendants' illegal violation of our copyright laws continued today,"—the filing date of the SAC. (*Id.* at 7 (citation omitted & internal quotation marks omitted)).

On September 24, 2012, Plaintiff filed his TAC. (D.E. No. 73). Plaintiff alleges that he authored software referred to as "Levtek a/k/a Brownstone Live and Brownstone Trading System" and that he provided an oral license to Brownstone as long as he was affiliated with Brownstone. (TAC ¶ 8). Plaintiff asserts that he registered Levtek with the United States Copyright Office on June 9, 2011. (*Id.* at ¶11 (citing Ex. A, Copyright Registration No. TXU001759286 ("Levtek Registration"))). Plaintiff further alleges that Defendants used the "copyright and software without Plaintiff's knowledge or consent." (*Id.* at ¶ 10).

Additionally, Plaintiff avers that he did not have access to information from January 2006 to the present "regarding the internal workings of Defendants[] or the use of the . . . copyrighted materials . . . other than what was disclosed pursuant to Court Ordered Stipulation in an ongoing Delaware Chancery Court [case]" and in litigation involving the Financial Industry Regulatory Authority ("FINRA"). (*Id.* at ¶ 15). Plaintiff asserts that he had access to limited discovery over the value of his ownership interest in the Delaware action. (*Id.*). In the FINRA litigation, Plaintiff claims that he was not privy to information about the alleged copyright infringement other than the representation that Defendants "had ceased all use of all software at issue." (*Id.*).

Plaintiff now alleges that he first discovered that Defendants infringed on his copyright at an industry convention in June 2011. (*Id.* at ¶ 16). Specifically, Plaintiff avers that he spoke to Brian Lane ("Lane")—a Sales Director for a company known as Codestreet—who made a sales pitch on the Codestreet software system, which had some of the same capabilities that Plaintiff's software offered. (*Id.*). Plaintiff also alleges that Lane told him that "3-6 months

ago," he met with John Sablowsky, a head trader at Brownstone, who said, "they had all of what CodeStreet has to offer[] in a proprietary system that they have had for years and have been using for years and years." (*Id.*). Plaintiff asserts that the system that Sablowsky was referring to is his system. (*Id.*).

Defendants' motion to dismiss and Plaintiff's motion for leave to file a sur-reply are now ripe for this Court's adjudication.

## IV. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the

non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, a district court deciding a motion to dismiss generally does not consider material beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "[When] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011); *see also In re Burlington Coat Factory Secs. Litig.*, 114 F.3d at 1426 ("[A]n exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (emphasis in original) (citation omitted & internal quotation marks omitted).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

V. **Analysis**

*a. Request To File A Sur-reply Is Denied*

As a preliminary matter, this Court must decide whether to allow Plaintiff to file a sur-reply that seeks to submit an audio recording of a conversation between Plaintiff and Lane that

Plaintiff secretly recorded, as well as Lane's sworn affidavit.[2] (D.E. No. 85).

Sur-replies may not be submitted without the permission from the Court, and permission is generally denied where the record and prior submissions are deemed sufficient. L. Civ. R. 7.1(d)(6). This district has allowed sur-replies to address a new issue in the "interest of completeness," for "complicated and novel legal questions," or for unusual circumstances. *See, e.g.*, *Christion v. Pressler & Pressler, LLP,* No. 07-1938, 2010 WL 988547, at *2 n.3 (D.N.J. Mar. 12, 2010); *United States v. Lane Labs-USA*, 324 F. Supp. 2d 547, 563 (D.N.J. 2004); *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 290 (D.N.J. 2000). But, the Court may not consider supplemental factual allegations that are submitted in opposition to a motion to dismiss because such documents do not constitute pleadings under Rule 7(a). *Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also McMahon v. Gen. Dynamics Corp.*, No. 12-4994, 2013 WL 1164850, at *13 (D.N.J. Mar. 30, 2013) (finding that court may not consider supplemental factual allegations made by Plaintiff in a certification).

Here, Plaintiff seeks to amend his allegations in the TAC by submitting an audio recording and non-party affidavit. This Court will not allow Plaintiff to amend his TAC in a sur-

---

[2] This Court notes that Plaintiff filed another sur-reply on December 5, 2012, (D.E. No. 79), which this Court struck because Plaintiff filed same without leave of Court, (D.E. No. 83). Thereafter, Plaintiff filed a motion for leave to file a sur-reply on January 14, 2013. (D.E. No. 84). Four days later, Plaintiff withdrew this motion and filed the instant motion for leave to file a sur-reply, claiming that he was now in possession of Lane's sworn affidavit. (D.E. No. 85). On June 19, 2013, this Court terminated Plaintiff's January 14, 2013, motion for leave to file a sur-reply as withdrawn. (D.E. No. 93).

reply. *See Pennsylvania ex. rel. Zimmerman*, 836 F.2d at 181.[3] Accordingly, Plaintiff's motion for leave to file sur-reply is denied.

   *b. Copyright Infringement Claim Is Not Time Barred*

The Court must now determine whether Plaintiff's claim for copyright infringement is time-barred. Defendants argue that Plaintiff has abandoned his claim that Defendants' alleged copyright infringement continues through today in the TAC. (D.E. No. 74-2, Memorandum of Law in Support of Defendants' Brief in Support of its Motion to Dismiss the TAC ("Def. Br.") 7). Therefore, Defendants contend that Plaintiff fails to allege, even in general terms, the sole basis that the Court provided leave to file a Third Amended Complaint. (*Id.* at 6-7).

The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim has accrued." 17 U.S.C. § 507(b). A claim "accrues 'when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" *William A. Graham Co. v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009) (quoting *Disabled in Action v. SEPTA*, 539 F.3d 199,

---

[3] This Court further finds that Plaintiff's sur-reply seeks to introduce additional factual allegations that are either duplicative or contrary to Plaintiff's pled allegations. First, Plaintiff seeks to bolster his allegation concerning his conversation with Lane by submitting an audio recording of a telephone conversation that purportedly took place on December 3, 2012 in which Lane recalled a conversation that Plaintiff had with Lane at the 2011 convention. (D.E. No. 85, Memorandum of Law of Plaintiff Gordon Levey ("Sur-reply Br.") 7). By Plaintiff's own admission, this recording seeks to "confirm all facts alleged in the [TAC]." (*Id.*). Because this Court must accept Plaintiff's factual allegations as true on a motion to dismiss, and this audio recording does not add any new facts to the allegation in paragraph 16 of the TAC, this Court is further convinced that it should not consider the audio recording. Second, this Court is perplexed as to why Plaintiff would seek to submit Lane's sworn affidavit, which as Defendants point out, plainly contradicts Plaintiff's core allegations in the TAC. (D.E. No. 87, Defendants' Brief in Response to Plaintiff's Motion to File Sur-reply ("Defs. Sur-reply Br.") 3-4). However, as this Court has already explained, Plaintiff is not permitted to amend his allegations by submitting an affidavit in opposition to the motion to dismiss. *See Pennsylvania ex. rel. Zimmerman*, 836 F.2d at 181.

209 (3d Cir. 2008)). "Applying that precept here, [this Court must] ask whether [the plaintiff] should have known of the basis for [his] claim[] [, which] depends on whether [he] had sufficient information of possible wrongdoing to place [him] on inquiry notice or to excite storm warnings of culpable activity." *Id.* (internal citation & quotation marks omitted).

In dismissing the SAC, the Court afforded Plaintiff one last opportunity to sufficiently plead a cause of action for copyright infringement because Plaintiff averred that "[Defendants'] illegal violation of our copyright laws continue through today." (*See* D.E. No. 71 at 7 (citing SAC ¶ 18)); *see also William A. Graham Co.*, 568 F.3d at 433 ("[E]ach act of infringement is a distinct harm giving rise to an independent claim for relief[.]"). In the operative complaint, Plaintiff did not include his previous allegation that Defendants' copyright infringement continues through today, but instead, now avers that he did not have notice of possible copyright violations until June 2011.[4] (TAC ¶¶ 16-17 (alleging "he was unaware of Defendants [sic] use of said copyright software system, until the [June 2011] coincidental meeting at the aforesaid Convention")). Thus, this Court finds that Plaintiff's claim is not time-barred as pled in his TAC

---

[4] The Court recognizes that Plaintiff has taken inconsistent positions on when he first became aware of the alleged copyright infringement. On the one hand, Plaintiff brought his initial lawsuit on January 21, 2011. (D.E. No. 1). On the other hand, he now claims that he did not become aware of the alleged infringement until 5 months after he filed his complaint that purportedly gave rise to his claim—June 2011. (TAC ¶¶ 16-17). The Court further observes that Plaintiff previously alleged contradictory dates of when his claim accrued. In the SAC, Plaintiff alleged that he was put on notice of the alleged wrongdoing in January 2006 and in another paragraph in May 2008. (*See* D.E. No. 71 at 3 (citing SAC ¶¶ 10, 16)). But, the TAC supersedes the SAC, and the facts in the prior complaints no longer bind Plaintiff. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171-73 (3d Cir. 2013). Furthermore, in his brief, Plaintiff asserts that "Defendants' copyright infringement continues to this day." (Pl. Br. 4 (citing TAC ¶¶ 9-19)). However, Plaintiff misleads the Court because the allegations in ¶¶ 9-19 do not state that the infringement continues to this day. Again, this Court will not allow Plaintiff to amend his complaint by submitting new facts in opposition to the motion to dismiss. *See Pennsylvania ex. rel. Zimmerman*, 836 F.2d at 181.

because he alleges that he discovered the copyright infringement in June 2011, which date falls within three years of the filing of the TAC on September 24, 2012.

      *c. The TAC Fails To State A Claim for Copyright Infringement*

The Court now turns to whether Plaintiff states a valid claim for copyright infringement. In support of their motion to dismiss, Defendants contend that Plaintiff fails to meet Rule 8's requirements. (Def. Br. 8). Defendants argue that Plaintiff fails to "allege any actual infringement by Defendants" and, instead, "leaps to the conclusion that [Defendants are] using Plaintiff's alleged proprietary system because a non-party allegedly advised Plaintiff that [Defendants'] purported unidentified system has similarities to a completely separate system used by [the non-party]." (*Id.* at 8-9). By Plaintiff's own admission, Defendants aver that Plaintiff has no "information regarding the internal workings of Defendants, or the use of the aforesaid copyrighted materials" and, therefore, cannot state a prima facie case. (*Id.* at 9).

Plaintiff argues that Defendants have conceded that Plaintiff satisfied the first three *Gee* factors and that Defendants only take issue with the fourth factor, namely that he has "failed to specify by what acts the Defendants infringed upon [his] copyright." (D.E. No. 77, Memorandum of Law of Plaintiff Gordon Levey ("Pl. Br.") 6 (citing *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa.), *aff'd*, 612 F.3d 572 (3d Cir. 1979)).[5] As to the fourth factor, Plaintiff concedes that he "cannot provide further information in his copyright infringement claim," but that like the plaintiff in *Leaf, Inc. v. Burdeen*, No. 95-5959, 1996 WL 89070 (N.D. Ill. Feb. 28, 1996), Plaintiff contends that the motion to dismiss should be denied and he should be allowed proper discovery. (*Id.* at 7-10).

---

[5] Because Plaintiff's brief does not include page numbers, this Court cites to the page number generated by the docket entry.

To state a claim for copyright infringement pursuant to Rule 8, a plaintiff must adequately allege: (1) "which specific original work is the subject of the copyright claim," (2) "that plaintiff owns the copyright," (3) "that the work in question has been registered in compliance with the statute," and (4) "by what acts and during what time defendant has infringed the copyright." *Gee*, 471 F. Supp. at 643; *see also Bradshaw v. Am. Inst. For History Educ.*, No. 12-1367, 2013 WL 1007219, at *3 (D.N.J. Mar. 13, 2013); *Hanover Arch. Serv., P.A. v. Christian Testimony-Morris, N.P.*, No. 10-5455, 2011 WL 6002045, at *5 (D.N.J. Nov. 29, 2011); Fed. R. Civ. P. Form 19 (providing generic complaint for alleging copyright infringement and including allegations that describe, *inter alia*, the specific infringing acts by the defendant).[6]

This Court is persuaded that Plaintiff's allegations have failed to meet the minimal Rule 8 burden. Plaintiff sufficiently satisfies the first and second factors by alleging that he is the "sole author" of his original software known as "Levtek a/k/a Brownstone Live and Brownstone Trading System." (TAC ¶ 8 (internal quotation marks omitted)). The Court also finds that Plaintiff has satisfied the third factor by registering that copyright in compliance with the statute

---

[6] This Court recognizes that other courts in this Circuit have held that to state a cause of action for copyright infringement, a Plaintiff must allege two factors: (1) ownership of the copyright, and (2) copying by the defendant. *See Bradshaw*, 2013 WL 1007219, at *3 (noting that ownership of the copyright has been pled by alleging facts that a certification of a registration has been obtained, and that copying by the defendant has been pled with facts that the defendant had access to the copyrighted work and that the two works bear substantial similarities). Recently, this district further explained in *Bradshaw* that: (1) these two broad factors nevertheless "entail certain specific pleading requirements" set forth in *Gee*; (2) "recent decisions from this Circuit have embraced *Gee*'s more detailed pleading standard;" and (3) that "this view finds further support in Form 19 of the Federal Rules of Civil Procedure." Accordingly, this Court is persuaded that the more stringent standard in *Gee* applies to copyright infringement claims to be sufficient under Rule 8.

and attaching a copy of the "Levtek Trading System" copyright registration.[7]  (TAC ¶¶ 11-13, Ex. A).

However, Plaintiff has not demonstrated by what specific acts and during what time Defendants infringed the copyright.  The Court agrees that Plaintiff's allegation of infringement rests on speculation: (1) Defendants' "unnamed 'proprietary system' has some of the same features as [non-party] Codestreet's software system; (2) Plaintiff's alleged copyrighted software "has some of the same capabilities as Codestreet's software system," and (3) therefore, Brownstone must be infringing upon Plaintiff's purported copyrighted software. (D.E. No. 78, Defendants' Reply Brief in Support of its Motion to Dismiss the TAC ("Def. Reply Br.") 4-5). Plaintiff relies on one conversation that allegedly took place between him and a non-party in which Plaintiff recalls that the non-party recounted a conversation with a Brownstone head trader who purported said the Brownstone software had some features like the non-party's software. (TAC ¶ 16).  Aside from this allegation, Plaintiff acknowledges that he "had no access to information regarding the internal workings of Defendants, or the use of the aforesaid copyrighted materials."  (*Id.* at ¶ 15).  Indeed, Plaintiff admits that he offers nothing more and requests discovery.  (Pl. Br. 7-10).

---

[7] Defendant argues that Plaintiff has not previously asserted a copyright infringement claim for the "Brownstone Trading System," and that Plaintiff has not alleged that he registered the Brownstone Trading System or that Brownstone Trading System is a derivative work of Levtek. (Def. Br. 3 n.2).  But, Plaintiff alleges that he was the legitimate author of "Levtek *and* Brownstone Live *and/or* Brownstone Trading System."  (TAC ¶ 10) (formatting altered & emphasis added); *see also id.* at ¶ 8 (stating "Levtek a/k/a Brownstone Live") (internal quotation marks omitted).  Additionally, citing to the Levtek registration, Plaintiff alleges that he has "legitimate authorship and copyright interest in certain software – Levtek and Brownstone Live and Brownstone Trading System and has registered that copyright."  (*Id.* at ¶ 13 (citing Ex. A) (formatting altered)).  Viewing these facts in the light most favorable to Plaintiff and drawing all reasonable inferences in favor of Plaintiff, this Court will accept these allegations to purport that Brownstone Live and Brownstone Trading System are derivative works of the underlying copyrighted work, i.e., Levtek. (*See* D.E. No. 71 at 5 n.4).

Thus, Plaintiff's factual and conclusory allegations do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *compare Stampone v. Stahl*, No. 05-1921, 2005 WL 1694073, at *2 (D.N.J. July 19, 2005) (finding that alleging that "by not returning the disk, [the defendant] was using it to steal and reproduce [the] plaintiff's artwork," the allegation was "'too broad and sweeping to satisfy Rule 8'" and the plaintiff failed to allege any specific acts or times for infringement), *with Bradshaw*, 2013 WL 1007219, at *4 (stating that a bald assertion was not enough to satisfy the final element, but where the complaint offered a correlation chart that described the similarities between the items, it was just enough to allege infringing acts). Plaintiff's TAC is devoid of any factual allegations of how the software systems are similar, much less any allegations of specific acts or times of infringement. Accordingly, the Court is convinced that Plaintiff has not stated a plausible claim for copyright infringement.[8]

Because Plaintiff has now had four opportunities to draft a plausible claim for copyright infringement, but has been unable to specify a single act of infringement by Defendants under Rule 8's pleading requirements, this Court will exercise its discretion in dismissing with prejudice. *See Barnard v. Verizon Commc'ns, Inc.*, 451 F. App'x 80, 87 (3d Cir. 2011), *cert.*

---

[8] Even holding Plaintiff to the broader standard, Plaintiff has not alleged how the two software programs bear "*substantial* similarities" based on a vague conversation with a non-party. *See Bradshaw*, 2013 WL 1007219, at *3 (emphasis added); *supra* n.6 at 10. Without more detail, this Court cannot conclude that Plaintiff has stated a plausible claim. Additionally, the Court will deny Plaintiff's request for discovery. *See Obgin v. GE Money Bank*, No. 10-5651, 2011 WL 2436651, at *4 n.3 (D.N.J. Jun. 13, 2011) ("A plaintiff's request for discovery cannot serve as a basis to deny a defendant's motion to dismiss, as the filing of such a motion serves to protect a defendant from being subjected to discovery, during which a plaintiff hopes that facts will be unearthed to support plaintiff's speculation."); *Giovanelli v. D. Simmons Gen. Contracting*, No. 09-1082, 2010 WL 988544, at *5 (D.N.J. 2010) ("Discovery . . . cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded."). The Court need not distinguish *Leaf, Inc.*, a case from a foreign jurisdiction, but will note that, there, the plaintiff was able to specifically plead enough facts on when the infringement occurred, how it occurred, and the amount of damages. 1996 WL 89070 at *1.

*denied*, 132 S. Ct. 2107 (2012) (finding it was not an abuse of discretion to deny leave for a curative amendment that would be futile where plaintiff "presented only claims that were well below governing pleading standards" even after being granted two opportunities to file amended complaints). Here, Plaintiff has not availed himself of the numerous opportunities to plead sufficient facts to allege a plausible copyright infringement claim.

## VI. Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Third Amended Complaint is granted with prejudice. An appropriate Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**